■ The People of the State of New York, Respondent, v. Louis Chapman, Appellant.— Judgment insofar as it imposes sentence unanimously reversed on the law and matter remitted to Supreme Court, Erie County, for resentencing in accordance with the following memorandum: In accepting defendant's guilty plea the court was careful to ascertain that defendant admitted the details of the crimes and that the plea was voluntary. Moreover, at sentencing the court asked whether defendant wished "to make any statement to the Court as to why judgment should not be rendered or anything in mitigation". Defendant's attorney replied at some length in defendant's behalf, at the conclusion of which, without more, the court pronounced sentence of one year in the county penitentiary on each of the two counts, to be served consecutively. The following statements were then made: "The Defendant: May I say something, your Honor? The Court: You may say it. The Defendant: I don't, quite understand. The Court: It means you are getting two years. That is what it means. You better shape up. With your record do not think that you are going to get any sympathy from the Court or any consideration. You have come to the end of the line. You better shape up and lead a decent life because from now on you can expect to have your freedom curtailed very seriously if you get out of line. I hope that this two years will teach you enough to lead a decent life and get to work and be productive. You are not a very wholesome individual. You have never done right by your family, you have not done right by yourself. You have imposed on the weakness of these drug addicts and used them for your own benefit. You are a manipulator. " The Defendant: Your Honor — The Court: That is it." CPL 380.50 requires that at sentencing the court give the defendant an opportunity to speak in his behalf; and although defendant's attorney may respond for him to the question, the statute expressly provides that the defendant also "has the right to make a statement personally in his own behalf". The record supports the court's observations about defendant's prior conduct, but that does not excuse the court's curt cut-off of defend-

ant and refusal to permit him to be heard in his own behalf (*People* v. *Herndon*, 41 A D 2d 698; *People* v. *Rizzo*, 41 A D 2d 691; *People* v. *Barnett*, 37 A D 2d 1027; *People* v. *Moore*, 36 A D 2d 866). (Appeal from judgment of Erie Supreme Court convicting defendant of petit larceny.) Present — Goldman, P. J., Del Vecchio, Witmer, Moule and Cardamone, JJ.