■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD ROBINSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 16, 1976, convicting him of grand larceny in the third degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. No opinion. Hopkins, J. P., Margett and Weinstein, JJ., concur.

Lazer, J., dissents and votes to modify the judgment by vacating the sentence and remanding the case to Criminal Term for resentencing, with the following memorandum: When the defendant appeared for sentencing after having pleaded guilty to grand larceny in the third degree, he already had been sentenced to 15 years imprisonment by a Federal court for the crime of conspiracy to steal and forge United States Treasury checks. This is what took place in the sentencing court: "THE CLERK: Mr. Robinson, do you have anything you want to say before sentence? Anything at all you want to tell the Court? THE DEFENDANT: Yes, I do. THE CLERK: Tell the Court. THE DEFENDANT: Your Honor, I'd like to say something before the Court—I don't really want to say anything but my lawyer was ill advised, I think, to a lot of stuff because a lot of documents was not turned over to us. It's not his fault at all. First of all, I was detained on October 22, 1975 which is a total of eights [sic] months I have been detained on this charge. I believe it is a violation of state speedy trial law and also federal. THE COURT: What do you want to do? Why don't you withdraw the plea then? THE DEFENDANT: I'm ready for sentence. This is open court plea bargaining, your Honor. THE COURT: do you want to withdraw your plea? THE DEFENDANT: No, sir. THE COURT: *I am going to impose consecutive sentences here if this defendant has motions he's making directed towards this indictment.* THE DEFENDANT: Your Honor, I'm ready for sentence. You have the right to go right ahead and sentence and I won't say a word. THE COURT: I certainly don't want to cut you off, if you have statements to make and motions. THE DEFENDANT: And I have been threatened with—THE COURT: Do it. THE DEFENDANT: No. THE COURT: Don't walk inside and then sit around second guessing yourself. If you want to say something, say it. THE DEFENDANT: No. I don't want to say anything." (Emphasis added.) The court then imposed an indeterminate sentence of up to four years in prison to be served concurrently with the Federal sentence. Although the historical basis for allocution has long since eroded, it continues as a substantial right in this State and is codified now in CPL 380.50 *(People v McClain,* 35 NY2d 483). In my view, the sentencing court's threat to impose consecutive sentences chilled the defendant's right to speak in his own behalf and thus constituted an improper cutoff mandating reversal (see *People v Chapman,* 42 AD2d 680). I therefore dissent and vote to modify the judgment by vacating the sentence imposed and remanding the case for resentencing.